IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| QUINDELL FORD, | * | |
| *Petitioner*, | * | |
| v. | * | |
| | | Criminal Action No. RDB-09-219 |
| UNITED STATES OF AMERICA, | * | Civil Action No. RDB-16-2308 |
| *Respondent*. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**<u>MEMORANDUM OPINION</u>**

Petitioner Quindell Ford ("Ford") is currently serving a 284-month prison sentence in connection with his involvement in a string of armed robberies that occurred between December 2008 and March 2009. (ECF No. 331.) On February 19, 2010, Ford pled guilty to one count of Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) ("Count Six" of the Second Superseding Indictment) and one count of using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) ("Count Seven" of the Second Superseding Indictment). (ECF No. 68.) While this Court originally sentenced Ford to a term of 336 months' imprisonment, (ECF No. 151), this Court reduced Ford's sentence in September 2022, such that his sentence as to Count Six was reduced from 240 months' to 188 months' imprisonment, though his sentence of 96 months' imprisonment for Count Seven remained unchanged. (*See* ECF Nos. 327, 328, 331.) As such, Ford was resentenced to a term of 188 months as to Count Six and 96 months as to Count Seven to run consecutive for a total term of 284 months with credit for time served in federal custody since May 5, 2009. (ECF No. 331.)

Presently pending before this Court are nine motions: a Motion to Vacate Sentence under 28 U.S.C. § 2255 ("§ 2255 Motion") (ECF No. 254); a *pro se* Motion to Lift the Current Stay (ECF No. 259); a *pro se* Motion for Permission to File *Pro Se* Supplement or Amend Petitioner's Pending Motion Under 28 U.S.C. § 2255 (ECF No. 260); a Motion to Supplement 28 U.S.C. § 2255 Petition (ECF No. 285); a *pro se* Motion to Amend Defendant's 18 U.S.C. § 3582 Motion for a Reduction in an Imposed Term of Imprisonment (ECF No. 302);[1] a *pro se* Motion for Permission to Amend 28 U.S.C. § 2255 Motion to Vacate, Set Aside, Correct Sentence (ECF No. 342); a *pro se* Motion Requesting Appointment of Counsel (ECF No. 349); a *pro se* Motion to Lift Stay/Motion to Expedite Relief (ECF No. 350); and a *pro se* Motion to Supplement 28 U.S.C. § 2255 Petition (ECF No. 351). While Ford's § 2255 Motion was previously held in abeyance pending the Fourth Circuit's decisions in *United States v. Taylor*, 979 F.3d 203 (4th Cir. 2020), *aff'd*, 596 U.S. 845 (2022) and *United States v. Pyos*, No. 17-4269, 2022 U.S. App. LEXIS 34288, 2022 WL 17592130 (4th Cir. Dec. 13, 2022), (ECF Nos. 287, 334), both of those cases have been resolved. As such, Ford's pending § 2255 Motion is no longer appropriately held in abeyance.

The Government has not responded to Ford's filings. However, the Court determines that a response is not necessary. Additionally, no hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons stated herein, (1) Defendant Quindell Ford's Motion to Vacate Sentence under 28 U.S.C. § 2255 (ECF No. 254)—considered in tandem with Federal Public

---

[1] Because this Court ruled on Ford's motion for compassionate release, denying his request for compassionate release but granting his motion for sentence reduction, (*see* ECF Nos. 327, 328), Ford's *pro se* Motion to Amend Defendant's 18 U.S.C. § 3582 Motion for a Reduction in an Imposed Term of Imprisonment (ECF No. 302) is moot.

Defender's supplements (ECF Nos. 272, 285) and Ford's *pro se* supplements (ECF Nos. 260, 342, 351)—is DENIED; (2) Ford's *pro se* Motion to Lift the Current Stay (ECF No. 259) is DENIED AS MOOT; (3) Ford's *pro se* Motion for Permission to File *Pro Se* Supplement or Amend Petitioner's Pending Motion Under 28 U.S.C. § 2255 (ECF No. 260) is GRANTED insofar as Ford requests leave to file the attached pleading; (4) the Federal Public Defender's Motion to Supplement 28 U.S.C. § 2255 Petition (ECF No. 285) is GRANTED insofar as it requests leave to file the attached pleading; (5) Ford's *pro se* Motion to Amend Defendant's 18 U.S.C. § 3582 Motion for a Reduction in an Imposed Term of Imprisonment (ECF No. 302) is DENIED AS MOOT, as his sentence has been previously reduced; (6) Ford's *pro se* Motion for Permission to Amend 28 U.S.C. § 2255 Motion to Vacate, Set Aside, Correct Sentence (ECF No. 342) is GRANTED insofar as Ford requests leave to file the attached pleading; (7) Ford's *pro se* Motion Requesting Appointment of Counsel (ECF No. 349) is DENIED; (8) Ford's *pro se* Motion to Lift Stay/Motion to Expedite Relief (ECF No. 350) is DENIED AS MOOT; and Ford's *pro se* Motion to Supplement 28 U.S.C. § 2255 Petition (ECF No. 351) is GRANTED insofar as Ford requests leave to file the attached pleading. With respect to Ford's § 2255 challenge to his § 924(c) conviction, having reviewed the critical record documents, including the Second Superseding Indictment, the plea agreement, the statement of facts, and the transcript of the February 19, 2010 plea colloquy, this Court is satisfied that Ford's § 924(c) charge was expressly based on a valid predicate offense—aiding and abetting Hobbs Act robbery.

## **BACKGROUND**

Between December 22, 2008 and March 21, 2009, Ford engaged in a string of seven armed robberies of six businesses in the Baltimore metropolitan area. (ECF No. 69 at 6–8.) During these robberies, Ford and his co-conspirators stole tens of thousands of dollars from businesses that engage in interstate commerce and injured multiple victims. (*Id.*)

According to the facts stipulated in Ford's plea agreement, on December 22, 2008, Ford, Trevon Jones, and Todd Bell entered the Texaco Station at 2415 York Road in Timonium, Maryland. (*Id.* at 6.) Bell struck a cashier in the head with a gun twice before the cashier fell to the ground. (*Id.*) The co-conspirators stole money from the cash drawer, five cartons of cigarettes, and the cashier's wallet and cell phone. (*Id.*)

Two days later, on December 24, 2008, Ford, Bell, and Jones entered Charles Street Liquors at 1122 South Charles Street in Baltimore. (*Id.*) The co-conspirators grabbed the store's owner and threatened him and a store employee with a semiautomatic handgun. (*Id.*) They took cash and a loaded revolver from the store; cash from the store employee; and cash, an engraved silver money clip, and a wallet from the owner. (*Id.*) The co-conspirators then bound the owner's hands with duct tape and left the store. (*Id.*)

On December 29, 2008, Ford, Bell, and Jones robbed a Shell Station at 9101 Snowden River Parkway in Columbia, Maryland. (*Id.*) One of the three co-conspirators drew a weapon and demanded that the cashier get on the ground. (*Id.* at 6–7.) The robbers then stole lottery tickets, money, cigars, and other items. (*Id.* at 7.)

Shortly after midnight on January 7, 2009, Ford, Bell, and a third individual robbed a Shell Station at 30 Main Street in Reisterstown, Maryland. (*Id.*) One of them drew a weapon

4

and hit a cashier in the head when the cashier had trouble opening the register, forcing him to the ground. (*Id.*) The robbers hit the cashier again and stole two cash register drawers filled with cash, packs of cigarettes, cigars, scratch-off lottery tickets, and the cashier's wallet. (*Id.*)

At approximately 1:48 AM that same night, Ford, Bell, and another individual robbed an Exxon Station at 8485 Honeygo Boulevard in Baltimore. (*Id.*) One of the three began beating an employee over the head with a gun. (*Id.*) The perpetrators then forced him to the ground and stole money, cigarettes, lottery tickets, and other items from the store. (*Id.*)

On January 16, 2009, Ford, Jones, and a third person robbed Euro Liquors at 10512 Reisterstown Road in Owings Mills, Maryland. (*Id.*) One of the robbers put a gun to the owner's head, bound his hands with tape, took him to the basement, and removed the video surveillance system from the store. (*Id.*) One of the other owners was also present, and a robber pointed a gun in his face and forced him to the ground. (*Id.*) The same robber taped the owner's hands together and told him to lay face down on the floor. The robbers took money, cash, and alcohol from the store. (*Id.*)

Two months later, on March 21, 2009, Ford, Jones, and a third individual again robbed Charles Street Liquors. (*Id.*) As the owner was at the register talking to one of the perpetrators, another of the robbers drew a semiautomatic handgun from his waistband, charged around the counter, pointed the handgun at the owner, and hit him in the head with the weapon. (*Id.*) The robber stole money from the cash register and the cash box in the rear of the store. (*Id.*) Jones took a gun from the owner and alcohol. (*Id.*)

A federal grand jury issued an Indictment on April 23, 2009, charging Ford with four counts related to the December 24, 2008 and March 21, 2009 robberies of Charles Street

5

Liquors. (ECF No. 1.) The grand jury later issued a Superseding Indictment on May 28, 2009, adding Jones as a codefendant to certain of the four charges. (ECF No. 12.) On September 3, 2009, the grand jury issued a Second Superseding Indictment, which charged Ford with seven counts related to the December 22, 2008, December 24, 2008, and March 21, 2009 robberies, and added Bell as a codefendant to certain of the four charges. (ECF No. 28.) Specifically, the Second Superseding Indictment charged (1) Ford with one count conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) in connection with the December 22, 2008, December 24, 2008, and March 21, 2009 robberies ("Count One" of the Second Superseding Indictment); (2) Ford and Bell with Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) in connection with the December 22, 2008 robbery ("Count Two" of the Second Superseding Indictment); (3) Ford and Bell with possessing and brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c), based upon the predicate offense in Count Two, ("Count Three" of the Second Superseding Indictment); (4) Ford and Bell with Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) in connection with the December 24, 2008 robbery ("Count Four" of the Second Superseding Indictment; (5) Ford and Bell with possessing and brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c), based upon the predicate offense in Count Four, ("Count Five" of the Second Superseding Indictment); (6) Ford with Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) in connection with the March 21, 2009 robbery ("Count Six" of the Second Superseding Indictment); and (7) Ford with possessing and brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c), based upon the predicate offenses in Counts One and Six of the Second Superseding Indictment ("Count

6

Seven" of the Second Superseding Indictment). (*Id.*)

On February 19, 2010, Ford pleaded guilty to Counts Six and Seven of the Second Superseding Indictment. (ECF No. 68.) On July 2, 2010, Ford moved to withdraw his guilty plea. (ECF No. 109.) After this Court denied that motion, (ECF No. 115), this Court sentenced Ford on November 4, 2010 to 240 months as to Count Six and 96 months as to Count Seven,[2] to be served consecutively for a total of 336 months' imprisonment followed by a three-year term of supervised release. (ECF No. 151.) Ford filed a timely appeal, and the United States Court of Appeals for the Fourth Circuit affirmed Ford's conviction on September 9, 2011. (ECF Nos. 155, 180.)

On November 20, 2012, Ford filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, which this Court denied on June 19, 2013. (ECF Nos. 182, 198.) Ford then appealed the denial of his § 2255 Motion (ECF No. 205) and filed a Motion to Alter or Amend Judgment pursuant to Federal Rule of Criminal Procedure 59(e). (ECF No. 203.) This Court denied Ford's Rule 59(e) Motion, and the Fourth Circuit dismissed his § 2255 appeal and denied a certificate of appealability. (ECF Nos. 223, 228.) However, the Fourth Circuit subsequently authorized Ford to file a successive § 2255 motion, (ECF No. 253), which he did, filing the pending § 2255 Motion on June 23, 2016. (ECF No. 254).

Ford subsequently filed two *pro se* motions with the Court, including a Motion to Lift the Current Stay filed September 19, 2017 (ECF No. 259) and a Motion for Permission to File *Pro Se* Supplement or Amend Petitioner's Pending Motion Under 28 U.S.C. § 2255 filed

---

[2] A § 924(c) charge carries a minimum sentence of seven years wherever a firearm is brandished but not discharged. 18 U.S.C. § 924(c)(1)(A)(ii).

7

October 2, 2017 (ECF No. 260).  On March 29, 2019, the Federal Public Defender filed supplemental authority (ECF No. 272), citing to *Sessions v. Dimaya*, 584 U.S. 148 (2018), and noting that they "ha[d] no opposition to Petitioner's § 2255 petition being stayed until" the Supreme Court released its then-pending decision in *United States v. Davis*, 558 U.S. 445 (2019).

On May 31, 2020, the Federal Public Defender filed a Motion to Supplement 28 U.S.C. § 2255 Petition (ECF No. 285), requesting that this Court grant the motion and consider the attached pleading, "which includes updated developments in the law based on the Supreme Court's decision in [*Davis*] and the Fourth Circuit's decision in *United States v. Simms*, 115 F.3d 241 (4th Cir. 1997) (en banc)." The same day, the Federal Public Defender filed an Unopposed Motion to Hold Case in Abeyance (ECF No. 286), requesting that this Court hold the § 2255 petition in abeyance pending the Fourth Circuit's decision in *United States v. Taylor*, 979 F.3d 203 (4th Cir. 2020), *aff'd*, 596 U.S. 845 (2022).  On June 1, 2020, the Court granted the unopposed motion to hold Ford's motion to vacate in abeyance. (ECF No. 287.)

While the § 2255 Motion was held in abeyance, Ford moved *pro se* for compassionate release. (ECF No. 295.)  He filed various supplemental filings, (ECF Nos. 299, 302, 309, 313), as well as a reply (ECF No. 320) to the Government's opposition (ECF No. 318).  On September 15, 2022, this Court denied his request for compassionate release but granted his motion for sentence reduction.  (ECF Nos. 327, 328.)  In brief, after consideration of then-recent precedent by the Fourth Circuit in *United States v. Green*, 996 F.3d 176 (4th Cir. 2021) (holding that Hobbs Act robbery does not constitute a crime of violence under the career offender provisions of the United States Sentencing Guidelines), as well as the severity of Ford's crimes and his conduct while incarcerated, the Court found that, while Ford should

8

not be released, his sentenced should be reduced. (ECF No. 327 at 5–10.) Ultimately, the Court found that, with respect to the Hobbs Act robbery conviction, Ford would not have been sentenced as a career offender and would have been eligible for a lesser sentence under current guidelines if he were sentenced after *Green*. (*Id.* at 5–6.) Accordingly, the Court adjusted Ford's term of incarceration such that his sentence as to Count Six was reduced from 240 months' to 188 months' imprisonment, though his sentence of 96 months' imprisonment for Count Seven remained unchanged. (*See* ECF Nos. 327, 328, 331.) As such, Ford was resentenced to a term of 188 months as to Count Six and 96 months as to Count Seven to run consecutive for a total term of 284 months with credit for time served in federal custody since May 5, 2009. (ECF No. 331.)

On September 20, 2022, the Federal Public Defender filed a second Motion to Hold Case in Abeyance (ECF No. 333), requesting that this Court continue to hold the § 2255 petition in abeyance pending the resolution of the Fourth Circuit's decision in *United States v. Pyos*, No. 17-4269, 2022 U.S. App. LEXIS 34288, 2022 WL 17592130 (4th Cir. Dec. 13, 2022). Following this Court's grant of that motion, (ECF No. 334), Ford's pending § 2255 Motion has remained held in abeyance, even though *Pyos* was decided in December 2022. As such, the pending § 2255 Motion is no longer appropriately held in abeyance.

On December 21, 2023, Ford filed a *pro se* Motion for Permission to Amend 28 U.S.C. § 2255 Motion to Vacate, Set Aside, Correct Sentence (ECF No. 342), which also remains pending. On June 17, 2024, Ford filed a *pro se* Motion Requesting Appointment of Counsel (ECF No. 349) and Motion to Lift Stay/Motion to Expedite Relief (ECF No. 350), both of which remain pending on this Court's docket. On June 28, 2024, Ford filed a *pro se* Motion to

Supplement 28 U.S.C. § 2255 Petition (ECF No. 351). These motions are ripe for review.

## STANDARD OF REVIEW

Petitioner has filed several motions *pro se*. (ECF Nos. 259, 260, 302, 342, 349, 350, 351.) Such filings will be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence where: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

## ANALYSIS

### I. Section 2255 Motion (ECF No. 254) and Related Filings (ECF Nos. 260, 272, 285, 342, 351)

Through the pending § 2255 Motion (ECF No. 254) and supplemental filings (ECF Nos. 260,[3] 272, 285,[4] 342[5], 351[6]), Defendant Quindell Ford challenges his conviction under Count Seven of the Second Superseding Indictment, which charged him with possessing and brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). Section 924(c) prohibits brandishing a firearm "during and in relation to" any federal "crime of violence." 18 U.S.C. § 924(c)(1)(A). Section 924(c) defines "crime of violence" as one "(A) [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the "force clause"), or "(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3). In *United States v. Davis*, 588 U.S. 445 (2019), the Supreme Court held that the residual clause of § 924(c)(3)(B) was unconstitutionally void for vagueness, and therefore, convictions and sentences based on the residual clause definition of "crime of violence" are invalid. *Id.* at 448.

In brief, Ford contends that his 18 U.S.C. § 924(c) conviction is infirm because it rests on an invalid predicate offense: conspiracy to commit Hobbs Act robbery. (ECF Nos. 254,

---

[3] Ford's *pro se* Motion for Permission to File *Pro Se* Supplement or Amend Petitioner's Pending Motion Under 28 U.S.C. § 2255 (ECF No. 260) will be GRANTED insofar as Ford requests leave to file the attached pleading. As such, the filing contained therein is considered in tandem with the various filings related to the pending § 2255 Motion.
[4] The Motion to Supplement 28 U.S.C. § 2255 Petition (ECF No. 285) will be GRANTED insofar as the Federal Public Defender requests leave to file the attached pleading. As such, the filing contained therein is considered in tandem with the various filings related to the pending § 2255 Motion.
[5] The *pro se* Motion for Permission to Amend 28 U.S.C. § 2255 Motion to Vacate, Set Aside, Correct Sentence (ECF No. 342) will be GRANTED insofar as Ford requests leave to file the attached pleading. As such, the filing contained therein is considered in tandem with the various filings related to the pending § 2255 Motion.

11

260, 272, 285, 342, 351.)  While it is true that in the wake of *Johnson v. United States*, 576 U.S. 591 (2015) and its progeny the Fourth Circuit has determined that conspiracy to commit Hobbs Act robbery is not a crime of violence for purposes of § 924(c), substantive Hobbs Act robbery continues to qualify as a valid § 924(c) predicate.  *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019) (holding that Hobbs Act robbery is a crime of violence which "has as an element the use, attempted use, or threatened use of physical force" such that it falls within the "force clause" in § 924(c)(3)(A)); *United States v. Ali*, 991 F.3d 561, 574 (4th Cir. 2021), *cert. denied*, 142 S. Ct. 486 (2021); *United States v. Pyos*, 2022 U.S. App. LEXIS 34288, 2022 WL 17592130, at *2 (4th Cir. Dec. 13, 2022) (reaffirming that completed Hobbs Act robbery qualifies as a crime of violence under the force clause).  And as the Fourth Circuit explained in *United States v. Ali*, 991 F.3d 561 (4th Cir. 2021), "aiding and abetting a crime of violence is also categorically a crime of violence." *Id.* at 574.  In any event, when a defendant's § 924(c) conviction is "expressly based on [a] valid and invalid predicate," it "remains sound."  *United States v. Crawley*, 2 F.4th 257, 263 (4th Cir. 2021); *United States v. Ogun*, No. 16-7450, 2022 U.S. App. LEXIS 7608, 2022 WL 843899, at *2 (4th Cir. Mar. 22, 2022) (citing *Crawley*, 2 F.4th at 263).  In other words, to remain valid, Ford's § 924(c) conviction must be expressly predicated—at least in part—on substantive Hobbs Act robbery.

To determine which predicate offenses underlie Ford's § 924(c) conviction, courts may look to "the critical record documents," which include the Second Superseding Indictment (ECF No. 28), the plea agreement (ECF No. 68), the statement of facts (ECF No. 69), and

---

[6] The *pro se* Motion to Supplement 28 U.S.C. § 2255 Petition (ECF No. 351) will be GRANTED insofar as Ford requests leave to file the attached pleading.  As such, the filing contained therein is considered in tandem with the various filings related to the pending § 2255 Motion.

12

the plea colloquy (ECF No. 102). *Crawley*, 2 F.4th at 267, 263–64. At bottom, the inquiry centers on whether "the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty," *id.* at 265 (internal quotation marks omitted), and, if so, whether that offense is a valid predicate, *id.* at 263.

Ford's argument for relief is not surprising, as upon cursory review, it is true that the plea agreement appears to refer to "Count Three of the Indictment" as the predicate crime of violence. (ECF No. 68 at 2.) However, a full reading of the signed plea agreement makes clear that references to "Count Three of the Indictment" contained therein were actually references to Count Six of the Second Superseding Indictment—which charged Ford with aiding and abetting Hobbs Act robbery. (*Id.* at 1.)

To the extent there is any debate as to whether Ford's § 924(c) charge was "expressly predicated" on his charge in Count Six of aiding and abetting Hobbs Act robbery, the Second Superseding Indictment, statement of facts, and plea transcript readily resolve any confusion. (*See* ECF Nos. 28, 69, 102.) First, the Second Superseding Indictment makes clear that Ford's 18 U.S.C. § 924(c) charge in Count Seven—to which Ford pled guilty—was predicated on the Hobbs Act robbery charge in Count Six—to which Ford also pled guilty—as well as the conspiracy to commit Hobbs Act robbery charge in Count One. (ECF Nos. 28, 68.)

Second, the statement of facts which Ford stipulated to as part of his plea agreement bore out these allegations. (ECF No. 69 at 6–8.) Simply stated, Ford admitted that he and his co-conspirators did in fact commit gunpoint robberies of several businesses between December 22, 2008 and March 21, 2009. (*Id.*)

To be sure, Count Six of the Second Superseding Indictment is expressly identified as

13

an independent predicate offense for the § 924(c) charge in Count Seven on several occasions during Ford's February 19, 2010 plea hearing. (ECF No. 102 at 45:9–46:13; 49:4–7; 51:1–8.) This Court outlined the following elements as to Counts Six and Seven:

> [A]s to Count Six, rather, the elements are that on or about March 21st, 2009 in the District of Maryland, that you knowingly obtained or took the property of another or from the presence of another; two, that you took this property against the victim's will by actual or threatened force, violence or fear of injury, whether immediately or in the future; and three, that as a result of your actions, interstate commerce or an item moving in interstate commerce was delayed, obstructed or affected in any way or degree.
>
> As to Count Four—as to Count Seven, rather, as to Count Seven, that on or about March 21, 2009, in the District of Maryland, that you committed a crime of violence, specifically, interference with interstate commerce by robbery as charged in Count Six of the indictment, second superseding indictment, for which you can be prosecuted in a court of the United States, and that you knowingly aided and abetted a coconspirator's brandishing a firearm during and in relation of the commission of the crime as charged in Count Six.

(*Id.* at 45:18–46:10.) The Court asked Ford if he understood the elements of the two crimes to which he was pleading guilty, and Mr. Ford responded: "Yes." (*Id.* at 46:11–14.) During the Government's proffer, (*id.* at 46:24–49:15), this Court inquired as to the basis for Count Seven. (*Id.* at 48:22–25.) The Government explained that "one of the robbers walked in with a gun . . . [s]o he either personally had it or he aided and abetted." (*Id.* at 49:1–3.) The Court clarified: "So in Count Seven he is charged . . . with possessing and brandishing a firearm in furtherance of a crime of violence, or as under 18 U.S.C., Section 2, aiding and abetting that process." (*Id.* at 49:4–7.) The Government confirmed that was correct. (*Id.* at 49:8.) Ford confirmed the Government proffered an accurate summary of the facts, that he did commit the crime and participate in the crime of March 21, 2009, as summarized by the Government, and that he wished to plead guilty to Counts Six and Seven. (*Id.* at 49:22–50:10.) As such, the

Court accepted Ford's guilty plea as to "Counts Six and Seven of the second superseding indictment charging him with interference with interstate commerce by robbery, in violation of 18 United States Code, Section 1951, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 United States Code, Section 924(c), or aiding and abetting in that offense under 18 United States Code, Section 2." (*Id.* at 51:1–8.) Tellingly, conspiracy to commit Hobbs Act robbery was not mentioned as a predicate offense for the § 924(c) charge at the February 19, 2010 plea hearing.

At bottom, despite Ford's assertions to the contrary, this Court finds that the record reflects that Ford was sufficiently informed that he was pleading guilty to a violation of § 924(c) predicated on aiding and abetting Hobbs Act robbery—not conspiracy to commit Hobbs Act robbery. And even if conspiracy to commit Hobbs Act robbery was an additional predicate offense, where a defendant's § 924(c) conviction is "expressly based on [a] valid and invalid predicate," it "remains sound following *Johnson* and its progeny." *Crawley*, 2 F.4th at 263. Having found that Ford's § 924(c) conviction was independently and expressly predicated on his aiding and abetting Hobbs Act robbery, an offense that categorically qualifies as a crime of violence under the "force clause" in § 924(c)(3)(A) and remains a valid predicate, the Court upholds his conviction on Count Seven. Ford asserts no other legitimate basis for collateral review under § 2255. Accordingly, his motion to vacate (ECF No. 254) is DENIED.

## II. Motions to Lift Stay or Request Other Relief (ECF Nos. 259, 350)

Having denied Ford's § 2255 Motion, Ford's *pro se* Motion to Lift the Current Stay (ECF No. 259) and Motion to Lift Stay/Motion to Expedite Relief (ECF No. 350) are both DENIED AS MOOT.

### III.     Motion Requesting Appointment of Counsel (ECF No. 349)

Generally speaking, there is no constitutional right to appointed counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013); *United States v. Jones*, No. RDB-10-232, 2021 U.S. Dist. LEXIS 125305, 2021 WL 2805947, at *4 (D. Md. July 6, 2021).  This Court sees no reason to appoint counsel for Ford at this time.  Accordingly, his *pro se* Motion for Appointment of Counsel (ECF No. 349) is DENIED.

## **CONCLUSION**

For the foregoing reasons, Ford's Motion to Vacate Sentence under 28 U.S.C. § 2255 (ECF No. 254), considered in tandem with Federal Public Defender's supplements (ECF Nos. 272, 285) and Ford's *pro se* supplements (ECF Nos. 260, 342, 351), is DENIED; Ford's *pro se* Motion to Lift the Current Stay (ECF No. 259) is DENIED AS MOOT; Ford's *pro se* Motion for Permission to File *Pro Se* Supplement or Amend Petitioner's Pending Motion Under 28 U.S.C. § 2255 (ECF No. 260) is GRANTED insofar as Ford requests leave to file the attached pleading;  the Federal Public Defender's Motion to Supplement 28 U.S.C. § 2255 Petition (ECF No. 285) is GRANTED insofar as it requests leave to file the attached pleading; Ford's *pro se* Motion to Amend Defendant's 18 U.S.C. § 3582 Motion for a Reduction in an Imposed Term of Imprisonment (ECF No. 302) is DENIED AS MOOT, as there has previously been a reduction of sentence; Ford's *pro se* Motion for Permission to Amend 28 U.S.C. § 2255 Motion to Vacate, Set Aside, Correct Sentence (ECF No. 342) is GRANTED insofar as Ford requests leave to file the attached pleading; Ford's *pro se* Motion Requesting Appointment of Counsel (ECF No. 349), filed *pro se* on June 17, 2024 is DENIED; Ford's *pro se* Motion to Lift

Stay/Motion to Expedite Relief (ECF No. 350) is DENIED AS MOOT; and Ford's *pro se* Motion to Supplement 28 U.S.C. § 2255 Petition (ECF No. 351) is GRANTED insofar as Ford requests leave to file the attached pleading.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the Court is required to issue or deny a Certificate of Appealability when it enters a final order adverse to the applicant.  *See Jackson v. United States*, No. PJM-12-421, 2012 WL 869080, at *1 (D. Md. Mar. 13, 2012).  "A Certificate of Appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, the petitioner "'must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463, U.S. 880, 893 n.4 (1983)).  Because Ford's motions provide no basis for issuance of a Certificate of Appealability, a Certificate of Appealability is DENIED.

A separate Order follows.

Dated: July 2, 2024                             \_\_\_\_/s/_____
                                                Richard D. Bennett
                                                United States Senior District Judge